UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────x

MARY RUTH THORNE,                          :
                                           :
            Plaintiff,                    :
                                           :
    -against-                             :
                                           :   20-CV-6513 (OTW)
                                           :
COMMISSIONER OF SOCIAL SECURITY,           :   **OPINION & ORDER**
                                           :
            Defendant.                    :
                                           :

───────────────────────────────────────x

**ONA T. WANG, United States Magistrate Judge:**

**I.    Introduction**

On December 5, 2017, Plaintiff Mary Ruth Thorne filed an application for Social Security Disability benefits ("SSD"), alleging disability beginning August 23, 2017 due to degenerative disc disease status-post cervical fusion and lumbar hemilaminectomy. (Administrative Record, dated February 19, 2021, ECF 10 ("R.") 144, 211-217). On April 3, 2018, Plaintiff's application was denied after an initial review. (R. 146-151). On May 10, 2018, Plaintiff requested a hearing before Administrative Law Judge ("ALJ") John Carlton. (R. 152-153). On May 6, 2019, an administrative hearing was held before the ALJ. (R. 90-132). By written decision dated September 4, 2019, the ALJ found that Plaintiff was not disabled under the Social Security Act during the relevant period between August 23, 2017 and September 4, 2019, and therefore not entitled to benefits. (R. 48-64). The ALJ found that Plaintiff had severe impairments of

degenerative disc disease status-post cervical fusion and lumbar hemilaminectomy. (R. 54). However, based on Plaintiff's residual functional capacity ("RFC") and the testimony of the vocational expert ("VE"), the ALJ concluded that Plaintiff could perform her past relevant work. (R. 59-60).

On October 3, 2019, Plaintiff appealed to the Appeals Council, which denied review of the ALJ's decision on June 17, 2020. (R. 206-201). Plaintiff then appealed the ALJ's September 4, 2019 decision, alleging that the ALJ's decision was not supported by "substantial evidence." (Complaint, ECF 1, ¶ 14). On March 10, 2021, the parties consented to my jurisdiction. (ECF 12). On July 2, 2021, the parties submitted a joint stipulation of facts detailing Plaintiff's medical history, the opinion evidence, and the administrative hearing testimony, which I incorporate by reference. (Joint Stipulation, dated July 2, 2021, ECF 17, ("Stip.")).

For the reasons set forth below, I recommend that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED**, the Commissioner's Cross Motion for Judgment on the Pleadings be **DENIED**, and that the case be remanded for further proceedings pursuant to 42 U.S.C. § 405(g).

II.    **Background**

Plaintiff, born in 1960, was 57 at the onset of her alleged disability. (R. 243). She has a college education and performed past work as a general clerk and a financial planner. (R. 237). On March 7, 2017, Plaintiff was evaluated by a physician for numbness and tingling in her bilateral upper extremities, left side worse than right. (R. 310). Her symptoms worsened over the next month, and she was then referred to a specialist to do a nerve condition study. (R. 310). Her condition continued to deteriorate, and she saw several more physicians, before undergoing surgery in May of 2017. (R. 324-327). Following surgery, she continued to

experience pain, numbness, and decreased function and activities of living. (R. 350-355, 375-384). She underwent a second surgery in October of 2017. (R. 334-335). After her second surgery, she began attending physical therapy. (R. 424).

*A. The ALJ's Decision*

The ALJ applied a five-step analysis and concluded that Plaintiff was not disabled under the Social Security Act. (R. 52). The ALJ found that Plaintiff's impairments of degenerative disc disease status-post cervical fusion and lumbar hemilaminectomy were severe. (R. 52). The ALJ noted that these impairments did not fall under any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, and that based on Plaintiff's medical history, she could perform sedentary work, as defined in 20 C.F.R. 404.1567(a), except she could only occasionally balance, stoop, kneel, crouch, and climb ramps and stairs and never climb ladders, ropes, or scaffolds, work at unprotected heights, work with hazardous machinery, or work on slippery or uneven surfaces. (R. 52). Based on Plaintiff's RFC, the ALJ concluded that Plaintiff could perform her past relevant work. (R. 53-60).

**III.  Analysis**

   A.  Applicable Law

   **1. Standard of Review**

A motion for judgment on the pleadings should be granted if the pleadings make it clear that the moving party is entitled to judgment as a matter of law. However, a court's review of the commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the commissioner and whether the correct legal standards were applied. Substantial evidence is more than a mere scintilla but requires the existence of

"relevant evidence as a reasonable mind might accept as adequate to support a conclusion," even if there exists contrary evidence. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (same). This is a "very deferential standard of review." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). The Court may not determine *de novo* whether Plaintiff is disabled but must accept the ALJ's findings unless "a reasonable factfinder would *have to conclude otherwise.*" *Id*.

### 2. Determination of Disability

To be awarded disability benefits, the Social Security Act requires that one has the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2020); *see also* 20 C.F.R. § 416.905(a) (2012). An ALJ makes this determination through a five-step evaluation process, for which the burden rests on the plaintiff for the first four steps and only after all four steps are satisfied does the burden then shift to the commissioner for the final step. 20 C.F.R. § 416.920 (2012).

First, an ALJ must determine that a plaintiff is not currently engaged in substantial gainful activity. Second, an ALJ must find that the plaintiff's impairment is so severe that it limits his ability to perform basic work activities. Third, an ALJ must evaluate whether the plaintiff's impairment falls under one of the impairment listings in 20 C.F.R. Pt. 404, Subpart P, Appendix 1, ("Listings"), such that she may be presumed to be disabled. Absent that, an ALJ must then determine the claimant's RFC, or his ability to perform physical and mental work

activities on a sustained basis. Fourth, an ALJ must evaluate if the plaintiff's RFC precludes her from meeting the physical and mental demands of her prior employment. If the plaintiff has satisfied all four of these steps, the burden then shifts to the commissioner to prove that based on the plaintiff's RFC, age, education, and past work experience, the plaintiff is capable of performing some other work that exists in the national economy.

    B.   <u>Analysis of ALJ's Decision</u>

Plaintiff raises four issues with the ALJ's decision. Plaintiff claims that the ALJ failed to properly evaluate: (1) Plaintiff's impairments under Medical Listing 1.04A; (2) the medical opinion evidence in determining Plaintiff's RFC; and (3) Plaintiff's subjective statements. Plaintiff also contends that (4) the Appeals Council failed to properly consider new and material evidence submitted subsequent to the ALJ's decision.

    **1.  The ALJ Properly Evaluated Plaintiff's Impairments under Medical Listing 1.04A.**

The ALJ properly evaluated Plaintiff's impairments under Medical Listing 1.04A and his decision was supported by substantial evidence. To meet the requirements of Listing 1.04A, a plaintiff must show evidence of nerve root compression, limitation of motion of the spine, motor loss accompanied by sensory and reflex loss, and a positive straight leg raising test in both the seated and supine position. 20 C.F.R. Pt. 404, Subpart P, App. 1 § 1.04A. An ALJ is not required to explicitly state their rationale for determining whether the plaintiff meets a listing, so long as the rest of the decision and the record indicate that the determination is supported by substantial evidence. *Salmini v. Comm'r of Soc. Sec.*, 371 Fed. Appx. 109, 112 (2d Cir. 2010). *See also Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982) (holding that the absence of an

express rationale does not prevent a court from upholding the ALJ's determination as long as the conclusion was supported by substantial evidence).

Here, the ALJ's analysis of Plaintiff's RFC was supported by substantial evidence. For example, the ALJ considered whether Plaintiff met the requirement of a positive straight leg test in both the seated and supine position. While some positive straight leg tests were noted in the record, the ALJ observed in his decision that Plaintiff had bilateral negative straight leg tests administered by Dr. Fkiaras in January of 2018. (R. 19). This supports the conclusion that Plaintiff did not meet the requirement for the positive straight leg test. The ALJ also noted that during this same January 2018 examination, Plaintiff had full flexion, extension, and lateral flexion, and full rotary movement of the cervical spine. (R. 20). Therefore, the ALJ properly evaluated Plaintiff's impairments and Plaintiff failed to meet the Medical Listing 1.04A.

2. **The ALJ Failed to Properly Evaluate the Medical Opinion Evidence in Determining Plaintiff's Residual Functional Capacity.**

Plaintiff began seeing treating physician Dr. Rho[1] on March 5, 2018. Dr. Rho found that Plaintiff could not tolerate prolonged periods of sitting, standing, or walking, and was unable to fulfill duties as a juror. (R. 385). On March 15, 2018, Dr. Rho continued Plaintiff's physical therapy and indicated she had good results from her surgeries. (R. 531). On April 18, 2018, Dr. Rho saw Plaintiff for worsening back pain and hand tingling. (R. 532). On November 4, 2019, Dr. Rho reported he had been treating Plaintiff since March 5, 2018 for chronic neck and back pain. (R. 37). Dr. Rho's clinical findings and diagnostic tests included MRI findings and limited range of motion in her spine, lumbar spine tenderness, absent reflexes in her biceps, brachioradialis,

---

[1] Dr. Rho is a physician board-certified in physical medicine and rehabilitation. (Stip. 7, n. 17).

6

triceps, knees and ankles, decreased lumbar muscle weakness in the hip flexor and adductor bilaterally measured 4 out of 5, an antalgic gait, trigger points in the lumbar spine, and a positive straight leg test. (R. 37-39). He opined that in an 8-hour work day, Plaintiff could sit for 3-4 hours, stand/walk for 1-2 hours, and must get up every 30-45 minutes when sitting and move around for 15-20 minutes. (R. 40). Her symptoms would interfere with her attention and concentration, and she could not tolerate even low stress work. (R. 41-42). She had constant pain, and her ability to work a regular job was also limited by restrictions on pushing, pulling, kneeling, bending, stooping, or lifting on a sustained basis. (R. 42-43).

The ALJ did not properly address the supportability and consistency factors required under 20 C.F.R. § 404.1520c. According to the regulation, when evaluating the persuasiveness of different medical sources, an ALJ must consider supportability, consistency, the medical source's relationship with the claimant, specialization, and any other relevant factors. The most important factors are supportability and consistency. 20 C.F.R § 404.1520c(b)(2) (2012); *see also Soto v. Comm'r of Soc. Sec.*, 19-CV-4631, 2020 WL 5820566, at *4 (E.D.N.Y. Sept. 30, 2020) (holding that the ALJ *must* explain how he considered the supportability and consistency factors for a medical source's medical opinions); *see also Brianne S. v. Comm'r of Soc. Sec.*, 19-CV-1718 (FPG), 2021 WL 856909 at *5 (W.D.N.Y. Mar. 8, 2021) (finding that failure to address supportability and a conclusory statement regarding consistency entitled Plaintiff to remand).

Here, the ALJ failed to adequately address supportability and consistency when evaluating Dr. Rho's opinion, and thus, remand is appropriate. First, the ALJ failed to consider the supportability of Dr. Rho's opinion. "Supportability" is a consideration of the "objective medical evidence and supporting explanations presented by a medical source to support his or

7

her medical opinion(s)." 20 C.F.R. § 404.1520c(c)(1) (2012). Essentially, supportability is an "inquiry geared toward assessing how well a medical source supported and explained" their opinion. *Acosta Cuevas v. Comm'r of Soc. Sec.*, 20-CV-0502 (AJN) (KHP), 2021 WL 363682 at *10 (S.D.N.Y. Jan. 29, 2021). The Commissioner claims that the ALJ "account[ed] for the supportability factor" by pointing to Dr. Rho's treatment note that indicates the Plaintiff had good results from her cervical spine fusion/disc replacement and had no radiating pain and no numbness. (Stip. 34). While this note is abstractly referenced by the ALJ in another paragraph of the RFC determination, it is not analyzed with respect to Dr. Rho's March 5, 2018 opinion. The ALJ did not examine what Dr. Rho used to support his opinion and conclusion, which amounts to legal error. The post-March 26, 2017 regulations require the ALJ to explain how the supportability and consistently factors were considered in reaching a determination. 20 C.F.R. 404.1520c(b)(2). ALJ Carlton did not address supportability when evaluating Dr. Rho's opinion, and therefore, the Plaintiff is entitled to remand. *See Brianne S. v. Comm'r of Soc. Sec.*, 19-CV-1718 (FPG), 2021 WL 856909 *5 (W.D.N.Y. Mar. 8, 2021) (finding that failure to address supportability and a conclusory statement regarding consistency entitled the Plaintiff to remand).

Second, while the ALJ mentioned that he considered the consistency of Dr. Rho's opinion with the record, he did so in a perfunctory way that mischaracterized other opinions in the record. The ALJ's entire consideration of the consistency factor with regard to Dr. Rho's opinion is as follows: "Despite the opinion being from a treating source, this opinion is not entirely supported by roughly contemporaneous records." (R. 58). This is clearly insufficient to satisfy the requirements of 20 C.F.R. § 404.1520c(b)(2). The ALJ's consideration of the

consistency of Dr. Rho's opinion with the overall record was conclusory and failed to fulfill his duty to articulate his rationale for his finding that Dr. Rho's opinion was inconsistent with the record. Therefore, the ALJ failed to properly evaluate the medical opinion evidence in determining Plaintiff's RFC.

### 3. The ALJ Properly Considered the New and Material Medical Evidence.

A commissioner is only required to consider evidence submitted to the Appeals Council when it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5) (2017). A "reasonable probability" means that if the new evidence warrants consideration and is accepted on remand, then a favorable award *will* obtain. *Cameron v. Comm'r of Soc. Sec.*, No. 20-CV-2138 (BMC), 2021 WL 1700312 *5 (E.D.N.Y. April 29, 2021) (emphasis added).

Here, the new evidence is Dr. Rho's November 2019 opinion. However, Dr. Rho's November 2019 opinion is not substantially different from the March 2018 opinion which was considered in the ALJ's original decision. The ALJ found that Dr. Thampi's disagreement with Dr. Rho's first opinion, together with all other reports, was consistent with the overall evidence, showing that Plaintiff retained the capacity to perform sedentary work. (R. 58). The ALJ would not have reached a different conclusion had the new opinion been considered. Therefore, the ALJ properly evaluated the new evidence. The re-evaluation of Dr. Rho's original opinion in consideration of the consistency and supportability factors will likely also determine the weight to be given to the November 2019 opinion.

9

### 4. The ALJ Properly Evaluated Plaintiff's Subjective Statements.

The ALJ properly evaluated Plaintiff's subjective symptomatology and alleged limitations. In analyzing a claimant's subjective complaints, an ALJ must conduct a two-step process: (1) determine whether the claimant suffers from a "medically determinable impairment that could reasonably be expected to produce" the alleged symptoms, and if such an impairment exists; (2) consider "'the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence or record." 20 C.F.R. § 404.1529(a)(b) (2017); *see also Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

Here, it is indisputable that the ALJ concluded that Plaintiff's medically determinable impairment could reasonably be expected to cause the alleged symptoms. The ALJ also reasonably concluded that Plaintiff's allegations were not entirely consistent with the medical and other evidence in the record for the reasons explained in the record. An ALJ "has discretion to evaluate symptoms and to arrive at an independent judgment, in light of the medical findings and other evidence, regarding the true extent of the pain or other symptoms alleged." *Mimms v. Sec'y of Health and Human Servs.*, 750 F.2d 180, 186 (2d Cir. 1984). Here, the ALJ noted that the record showed some evidence of physical limitations, but not to the incapacitating extent alleged by Plaintiff. The ALJ also pointed to other evidence in the record that suggested Plaintiff's functioning was not as limited as alleged. Therefore, the ALJ properly evaluated Plaintiff's subjective symptomatology and alleged limitations.

### IV. Conclusion

Accordingly, Plaintiff's Motion for Judgment on the Pleadings is **GRANTED in part**, and the Commissioner's Cross-Motion for Judgment on the Pleadings is **DENIED in part**. This matter

is remanded for further administrative review, including but not limited to a *de novo* hearing and a new decision.

**SO ORDERED.**

Dated: January 27, 2023  
       New York, New York

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge