```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARY RUTH THORNE,                                                  :
                                                                   :
                        Plaintiff,                                 :
                                                                   :
        -against-                                                  :    20-CV-6513 (OTW)
                                                                   :
                                                                   :    OPINION & ORDER
COMMISSIONER OF SOCIAL SECURITY,                                   :
                                                                   :
                        Defendant.                                 :
-------------------------------------------------------------------X
```

**ONA T. WANG, United States Magistrate Judge:**

I. **INTRODUCTION**

Before the Court is Plaintiff Mary Ruth Thorne's (Plaintiff) motion for an order awarding attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $46,439.48, approximately 25% of Plaintiff's past due disability benefits. (*See* ECF Nos. 25, 26, 27, and 29). For the following reasons, Plaintiff's motion is **GRANTED**.

II. **BACKGROUND**

Plaintiff brought this case seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for disability benefits under the Social Security Act. (ECF 1). In my January 27, 2023, Opinion & Order, I granted in part Plaintiff's motion for judgment on the pleadings and remanded the case for further administrative review. (ECF 18). On remand, the Appeals Council issued an order remanding the case for further administrative proceedings, and on September 7, 2023, a hearing was held before Administrative Law Judge ("ALJ") Gina Pesaresi. (ECF 26 at 2, Amended Affirmation of Charles E. Binder). In an October 12, 2023 decision, ALJ Pesaresi found Plaintiff disabled since her onset

date of August 23, 2017 and awarded $185,757.92 in past due disability benefits. *Id.*; ECF 26-1 at 7–11, Exhibit C – SSA Retirement, Survivors, and Disability Insurance Award Notice; ECF 27 at 4. On February 16, 2023, the Court approved a joint stipulation between the parties in which the Commissioner awarded $7,119.89 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, in full satisfaction of claims made under the EAJA in connection with this case. (*See* ECF Nos. 20 and 21).

Plaintiff's counsel, the Law Office of Charles E. Binder and Harry J. Binder, LLP ("Binder & Binder"), timely filed a motion for attorneys' fees on February 5, 2024, within 17 days of the Notice of Award dated January 23, 2024. (ECF 23; *see also* ECF 26 at 4). The Notice of Award did not indicate the amount withheld for legal fees, but Plaintiff's counsel calculated 25% of the past due benefit as $46,439.50. (ECF 27 at 4). On February 15, 2024, defense counsel sent a revised Notice of Award, which indicated that the SSA had withheld $46,439.48 in anticipated legal fees. *Id*. Accordingly, Plaintiff's counsel filed an amended attorneys' fees motion (ECF 25), Affidavit (ECF 26), and Memorandum of Law (ECF 27). Defense counsel filed a response[1] on February 29, 2024 (ECF 28), and the motion was fully briefed on March 4, 2024. (ECF 29).

III. **DISCUSSION**

    1. **Legal Standard**

Section 406(b) of the Social Security Act states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by

---

[1] "Defendant neither supports nor opposes counsel's request for attorney's fees in the amount of $46,439.48." (ECF 28 at 1).

2

> reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *accord Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). Instead, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The Court's reasonableness analysis looks at three factors: (1) whether the requested fees exceed the 25 percent limit, (2) whether the contingent fee agreement was reached through "fraud or overreaching," and (3) whether the requested fees would represent a windfall to counsel. *Wells*, 907 F.2d at 373; *see, e.g.*, *Federico v. Acting Comm'r of Soc. Sec.*, No. 20-CV-2220 (AT) (OTW), 2023 WL 4471605, at *1 (S.D.N.Y. June 21, 2023).

To assess whether the requested fees would be a windfall, the Court considers: (1) the ability, expertise, and efficiency of counsel, (2) the nature and length of the relationship with the claimant, (3) the satisfaction of the disabled claimant with counsel's services, and (4) the uncertainty of an award of benefits. *Wells*, 907 F.2d at 372.

**2. Reasonableness of the Requested Fee**

Binder & Binder's $46,439.48 fee award is reasonable. In support of their motion for attorneys' fees, Binder & Binder provided the Court with the following: (1) a retainer agreement, signed by Plaintiff on July 13, 2020, where Plaintiff agreed to pay a 25%

3

contingency fee of her past due benefits if awarded (*see* ECF 26-1 at 2, Exhibit A – U.S. District Court Retainer and Assignment); (2) counsel's credentials in the field of Social Security disability cases; (3) an itemized bill of hours billed contemporaneously for this case (*see* ECF 26-1 at 5, Exhibit B – Contemporaneous Federal Court Hours); and (4) a letter from the Social Security Administration approving Plaintiff's disability benefits (ECF 26-1 at 7–11, Exhibit C – SSA Retirement, Survivors, and Disability Insurance Award Notice). Two attorneys worked on Plaintiff's case, Daniel S. Jones and Patrick H. Busse. (ECF 26 at 2–3). Mr. Jones, a 2010 New York Law School graduate, has extensive experience appealing Social Security disability claims, his sole area of practice for more than a decade. *Id*. at 3. Jones co-authored *Social Security Law and Practice*, part of the New York Lawyer's Practical Skills Series for the New York State Bar Association. *Id*. Similarly, Busse "has represented thousands of claimants before the Social Security Administration." *Id*. Mr. Jones billed 5.5 hours and Mr. Busse billed 29.50 hours, for a total of 35 hours spent litigating this case. (ECF 26-1 at 5, Exhibit B – Contemporaneous Federal Court Hours). Counsel provided detailed supporting billing records for this time, and seeks an award of $46,439.48, approximately 25% of Plaintiff's past-due benefits ($185,757.92). *Id.*; ECF 27 at 4. While Defendant does not oppose the motion, the Commissioner's response notes that "[a]warding the full amount requested by Plaintiff's counsel would result in reimbursement at a rate of $1,326.84 per billed hour ($46,439.48 (amount requested)/35 (court hours) = $1,326.84)." (ECF 28 at n.2).

    Plaintiff negotiated a 25% contingency fee with counsel, which results in an hourly rate of $1,326.84 for 35 hours of work. There is no evidence of fraud or overreaching, and the award would not represent a windfall to Binder & Binder. Both Mr. Jones and Mr. Busse

possess strong credentials in the practice of Social Security law, having dedicated their legal careers to this area of the law. Further, counsel was able to secure remand and a significant award for their client, who has not expressed any dissatisfaction with their services. Due to multiple denials of Plaintiff's disability benefits over a prolonged period, there was substantial uncertainty as to the result. *See, e.g.*, *Federico*, 2023 WL 4471605, at *2.

While Binder & Binder's *de facto* hourly rate of $1,326.84 is high, an hourly rate alone is not determinative of whether the fee award is unreasonable. *Caraballo v. Comm'r of Soc. Sec.*, 17-CV-7205 (NSR) (LMS), 2020 WL 9815292, at *4 (S.D.N.Y. Mar. 13, 2020) (citing *Gisbrecht*, 535 U.S. at 808). "[I]t is inappropriate to exclusively rely on the *de facto* hourly rate, as both the Supreme Court and the Second Circuit have explicitly rejected the lodestar method to determine what is reasonable under § 406(b). *Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) (citing *Gisbrecht*, 535 U.S. at 808; *Wells*, 907 F.2d at 371 (holding that the best indicator of reasonableness in contingency fee social security cases is the contingency percentage negotiated by attorney and client, not the hourly rate)). In *Bate v. Berryhill*, Judge Ramos approved Binder & Binder's *de facto* hourly rate of $1,506.32, citing "a substantial number of cases in this Circuit have also resulted in *de facto* hourly rates that exceed $1000," and pointing to the negotiated 25% contingency fee agreement as well as counsel's "competent and efficient advocacy." *Id*. Binder & Binder's *de facto* hourly rate of $1,326.84 in this case is likewise the product of a negotiated 25% contingency fee agreement and counsel's diligent, efficient efforts in this case. Accordingly, the requested attorneys' fees are reasonable and would not result in a windfall.

### 3. Previous EAJA Award

Where a plaintiff's counsel received fees for the same work under the EAJA and 42 U.S.C. § 406(b), counsel must refund to the plaintiff the amount of the smaller fee. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (internal quotations and citations omitted). Here, Plaintiff's counsel received an EAJA fee award in the amount of $7,119.89. Accordingly, upon receipt of attorney's fees under 42 U.S.C. § 406(b), Binder & Binder is directed to refund these previously awarded EAJA fees directly to Plaintiff.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is **GRANTED**. The SSA is directed to approve a payment of **$46,439.48** to Binder & Binder, and upon receipt of that payment, Plaintiff's counsel shall refund the previously awarded EAJA fees in the amount of $7,119.89 directly to Plaintiff.

The Clerk of Court is respectfully directed to close ECF Nos. 22 and 25.

**SO ORDERED.**

Dated: April 23, 2024  
New York, New York

  _/s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge